**FILED**
**NOV - 9 2009**
Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RODERICK MACARTHUR JUSTICE CENTER<br>Northwestern University School of Law<br>375 East Chicago Avenue<br>Chicago, IL 60611<br><br>and<br><br>MILLER & CHEVALIER CHARTERED<br>655 Fifteenth Street, NW, Suite 900<br>Washington, D.C. 20005<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEFENSE INTELLIGENCE AGENCY<br>Attn: LTG Ronald L. Burgess, Jr., Director<br>200 MacDill Blvd., Bldg 6000<br>Washington, D.C. 20340<br><br>Defendant. | Case: 1:09-cv-02101<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign. Date : 11/9/2009<br>Description: FOIA/Privacy Act |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

The Roderick MacArthur Justice Center ("The MacArthur Justice Center") and Miller & Chevalier Chartered, by their attorneys, for this Complaint for Declaratory and Injunctive Relief against defendant United States Defense Intelligence Agency ("DIA"), allege as follows:

1. In a January, 2009 Memorandum issued to Executive Branch Departments and Agencies, President Obama wrote:

> A democracy requires accountability, and accountability requires transparency. As Justice Louis Brandeis wrote, "sunlight is said to be the best of disinfectants." In our democracy, the Freedom of Information Act (FOIA), which encourages accountability through transparency, is the most prominent expression

1006474.1

1

encourages accountability through transparency, is the most prominent expression of a profound national commitment to ensuring an open Government. At the heart of that commitment is the idea that accountability is in the interest of the Government and the citizenry alike.

The Freedom of Information Act should be administered with a clear presumption: In the face of doubt, openness prevails. The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears. Nondisclosure should never be based on an effort to protect the personal interests of Government officials at the expense of those they are supposed to serve. In responding to requests under the FOIA, executive branch agencies (agencies) should act promptly and in a spirit of cooperation, recognizing that such agencies are servants of the public.

All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government. The presumption of disclosure should be applied to all decisions involving FOIA.

## NATURE OF THE CAUSE OF ACTION

2.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, to compel the disclosure and production of agency records withheld from Plaintiffs by Defendant, consisting of all documents in the possession of Defendant related to certain enumerated department records.

3.  Plaintiffs seek to compel the release of records in the custody and control of the DIA. Specifically, Plaintiffs seek to compel release of records relating to the 74 detainees released from Guantanamo Bay that a Pentagon report alleges returned to terrorist activity.

## PARTIES, JURISDICTION, AND VENUE

4.  Plaintiff, the Roderick MacArthur Justice Center, is a non-profit public-interest law firm. The office and principal place of business is in Chicago, Illinois. Plaintiff, Miller & Chevalier Chartered, is a law firm located in the District of Columbia.

5.  Defendant DIA is an agency of the United States, as that term is defined at 5 U.S.C. § 551. The DIA has possession of and control over the agency records the Plaintiff seeks.

6.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

7.  Venue lies in the District of Columbia, as the Defendant resides in that District.

## STATUTORY BACKGROUND

8.  The FOIA encourages an informed citizenry by giving the American public access to the Federal Government's records.

9.  Once a FOIA request for records has been made, an agency has twenty (20) days to determine whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i) (2008). If the agency decides not to disclose some or all documents pursuant to the request, it must immediately notify the requestor of records of the reasons for the denial and of the right of the requestor to appeal any adverse determination. Id.

10. If the agency fails to comply with the time limits enumerated in 5 U.S.C. § 552(a)(6)(A)(i) (2008), the requestor of records is deemed to have exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i) (2008).

11. The Defendant may not charge duplication fees when, as here, it has failed to comply with the FOIA's time limits. 5 U.S.C. § 552(a)(4)(A)(vii) (2008).

## CLAIM – LIST OF INDIVIDUALS ALLEGED TO HAVE "RETURNED TO THE FIGHT"

12. Plaintiff incorporates and re-alleges paragraphs 1-11 above.

13. By letters dated January 27, 2009 and January 28, 2009, each to the Freedom of Information Act Office of DIA, Plaintiffs requested information on the individuals the Press Secretary of the Pentagon, Geoff Morrell, alleged to have "returned to the fight." Plaintiffs requested information on each individual including:

      a. Full name

      b. Nationality

      c. Date of arrest by U.S. forces or date U.S. forces took custody of the individual

      d. Date of release

      e. Country to which the individual was released

      f. Evidence that the detainee is confirmed to have or is suspected to have "returned to the fight"

      g. Information relating to whether or not the individual provided material support to terrorist organizations.

A copy of the January 27, 2009 letter is attached as Ex. A. A copy of the January 28, 2009 letter is attached as Ex. B.

    14. In letters dated February 10, 2009, Alesia Williams, Chief of the DIA's FOIA staff, confirmed receipt of Plaintiff's request, assigned the requests the case numbers 00104-2009 and 00105-2009, respectively, and stated that Plaintiffs' FOIA requests will be processed as soon as possible. A copy of the February 10, 2008, letter to The MacArthur Justice Center is attached as Ex. C. A copy of the February 10, 2008, letter to Miller & Chevalier Chartered is attached as Ex. D.

    15. On October 14, 2009, Plaintiff Miller & Chevalier Chartered was mailed a letter that contained status information indicating that Defendant's response was "backlogged." (Attached as Ex. E.) Defendant has, however, made no further substantive response to the two FOIA requests described in Paragraph 13. Plaintiffs have therefore exhausted their administrative remedies, 5 U.S.C. § 552(a)(6)(C)(i) (2008), and are entitled to judicial review of the agency's constructive denial of their requests.

17. The DIA has in its possession and control agency records responsive to Plaintiffs' FOIA requests. *See* http://www.washingtontimes.com/news/2009/jun/12/military-officials-warn-about-detainee-transfers/print/ ("the DIA estimated that as many as 74 of 530 former Guantanamo detainees, or 14 percent, were either confirmed or suspected of engaging in terrorist activities after being transferred from the prison"). Plaintiffs have a legal right under FOIA, 5 U.S.C. §552(a)(3)(A) to obtain the agency records Plaintiffs requested.

18. Defendants' failure to make available the records sought by Plaintiffs' requests violates FOIA, 5 U.S.C. § 552(a)(3)(A), (a)(6)(A), and (a)(6)(C).

19. Plaintiffs are entitled to an injunction ordering the release of the records.

20. The FOIA requires that an agency make a determination within 20 business days after the receipt of an initial FOIA request or an administrative appeal. 5 U.S.C. § 552(a)(6)(A). More than 20 business days have elapsed since the receipt by the DIA of Plaintiffs' initial FOIA requests. Thus, Plaintiffs have exhausted their administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C).

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that the Court:

    a. Expedite the proceedings in this action. 28 U.S.C. 1657 (a );

    b. Declare that Defendant's refusal to disclose the records requested by Plaintiffs is unlawful;

    c. Establish a schedule whereby the Defendant is to complete its search, review and duplication of documents responsive to Plaintiffs' requests;

    d. Order Defendant to disclose the requested records to Plaintiffs, without fees or costs, in accordance with that schedule;

e.  Order Defendant to produce a *Vaughn* index and declaration for any records withheld on the grounds of asserted exemption;

f.  Enjoin Defendant from refusing to comply with subsequent requests for similar documents;

g.  Award Plaintiffs their costs and reasonable attorneys' fees.  5 U.S.C. 552(a)(4)(e); and,

h.  Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Joseph Margulies*
Joseph Margulies
Roderick MacArthur Justice Center
Northwestern University School of Law
375 East Chicago Avenue
Chicago, IL 60611
(312) 503-0890 (telephone)
j-margulies@law.northwestern.edu
**Pro Hac Vice Application Pending**
*Attorney for the Roderick MacArthur
Justice Center*

*/s/ George M. Clarke, III*
George M. Clarke, III
MILLER AND CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005
Phone: (202) 626-5800
Facsimile: (202) 626-5801
E-mail: gclarke@milchev.com
D.C. Bar Number: 480073
*Attorney for Miller and Chevalier Chartered*

Dated: November 9, 2009

-6-

1006474 1

# EXHIBIT A

09 2101

FILED

NOV - 9 2009

Clerk, U.S. District and
Bankruptcy Courts



January 27, 2009

Defense Intelligence Agency
ATTN: DAN-1A Rm E4-234
Washington, DC 20340-5100

Re:   Freedom of Information Act Request

Dear FOIA Officer:

    This is a request for information under the Freedom of Information Act (FOIA), 5 U.S.C. §552. The undersigned requests any and all records in the custody or control of the U.S. Department of Defense that fit the following description.

    In a press conference on January 13, 2009, referring to the military facility at Guantanamo Bay, Cuba, the Press Secretary of the Pentagon, Geoff Morrell, stated that "61 in all former Guantanamo detainees are confirmed or suspected of returning to the fight." He further stated that 18 were confirmed and 43 were suspected of "terrorist reengagement." (The full transcript of the press conference is available at http://www.defenselink.mil/transcripts/transcript.aspx?transcriptid=4340.)

    Please provide the following information regarding the 61 individuals described by Mr. Morell:

(a)  Full Name.
(b)  Nationality.
(c)  Date of arrest by U.S. forces or date U.S. forces took custody of individual
(d)  Date of release.
(e)  Country to which individual was released.
(f)  Conditions of release, if any
(g)  For the 18 persons that the Pentagon claims have "returned to the fight," please provide the evidence that they have done so. (N.B., Mr. Morell's statements to the press suggest that the Pentagon and/or Defense Intelligence Agency have confirmed these actions through "fingerprints, conclusive photographic match, reliable verified or well corroborated intelligence reporting." A similar FOIA request will be submitted to the Department of Defense.)

Northwestern University School of Law
357 East Chicago Avenue
Chicago, Illinois 60611-3069
312.503.1271 fax 312.503.1272
www.law.northwestern.edu/macarthur

    (h)    For the 43 persons that the Pentagon claims are "suspected of returning to terrorism," please provide the evidence that leads the Pentagon to this suspicion. (N.B., Mr. Morell's statement claims that "plausible reporting has to indicate that a specific former detainee is involved in terrorist activities for them to be qualified as returning to terrorism.")

    (i)    For any of the 61 persons, please note if any individuals were suspected or known to have provided material support to terrorist organizations, the basis of such suspicion or knowledge, and the type of material support involved. Please provide for each relevant detainee by name.

Please construe this as an ongoing FOIA request, so that any reports or documents that come within the possession of the agency subsequent to your response to this FOIA request should also be considered within the scope of the request.

If all or part of any of this request is denied, please specify the exemption(s) claimed for withholding each page or passage. Please also state the number of documents or portions thereof, the number of pages of each document, and the dates of the documents that are withheld. If some portion(s) of the requested materials are determined to be exempt from disclosure under FOIA, please provide the remaining non-exempt portions. 5 U.S.C. §552(b). Also, to the extent that materials are redacted, please "black out" these materials, rather than "whiting out" or "cutting out" these materials so that such redactions are recognizable as such. The undersigned reserves the right to appeal any decision(s) to withhold information and expects that you will list the address and office to which such an appeal may be directed. 5 U.S.C. §552(a)(6)(A)(i).

The purpose of this FOIA request is to broadly publicize these documents by making them publicly available on the website of the MacArthur Justice Center, and by issuing educational reports that draw these records to the attention of the public.

The documents subject to this request are not sought for any commercial use; thus, I understand that no fee may be charged for the first two hours of search time or for the first 100 pages of duplication. 5 U.S.C. §552(a)(4)(A)(iv)(II). As to any additional search expenses, please waive any fees because disclosure of the requested information will contribute significantly to public understanding of the governmental activities indentified above. 5 U.S.C. §552(a)(4)(A)(iii). If you decline to waive these fees, and if these fees will exceed $100.00, please notify me of these fees before fulfilling this request.

Please reply to this request within twenty working days, or as required by statute. 5 U.S.C. §552(a)(6)(A)(i).

If you have any questions regarding this request, please feel free to call me at my direct line, 312.503.0890.

Sincerely,

Joseph Margulies
MacArthur Justice Center
Northwestern University School of Law

# EXHIBIT B

09 2101



FILED

NOV  9 2009

Clerk, U.S. District and
Bankruptcy Courts



Carol H. Gruenburg
Director of Library Services
(202) 626-6094
cgruenburg@milchev.com

January 28, 2009

VIA FACSIMILE: (301) 394-5356)

Defense Intelligence Agency
ATTN: DAN-1A (FOIA)
200 MacDill Blvd
Washington, DC 20340-5100

    Re: **Freedom of Information Act Request**

Dear Sir or Madam:

Under the Freedom of Information Act (FOIA), 5 USC § 552, as amended, and your agency's implementing regulations, we request copies of all documents in the custody or control of the U.S. Department of Defense that fit the following description.

In a press conference held on January 13, 2009, the Press Secretary of the Pentagon, Geoff Morrell, discussed the military facility at Guantanamo Bay, Cuba. During the conference, Morrell stated that, "61 in all former Guantanamo detainees are confirmed or suspected of returning to the fight." Of that sixty-one, Morrell clarifies, the Pentagon believes that 18 were confirmed and 43 suspected of "terrorist reengagement." (The full transcript of the press conference is available at http://www.defenselink.mil/transcripts/transcript.aspx?transcriptid=4340).

Please provide the following information regarding the 61 individuals described by Mr. Morrell:

    a) Full Name
    b) Nationality
    c) Date of arrest by U.S. forces, or date U.S. forces took custody of individual
    d) Date of release
    e) Country to which individual was released
    f) Conditions of release, if any
    g) For the 18 persons that the Pentagon claims "have returned to the fight," please provide the evidence they have done so. (N.B. Since Morrell states that the Pentagon and/or Defense Intelligence Agency (DIA) have confirmed these actions through "fingerprints, conclusive photographic match [and] reliable verified or well corroborated intelligence reporting," a similar FOIA request will be submitted to the Department of Defense.)

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com

933980 1



Freedom of Information Appeal
January 28, 2009
Page 2

    h) For the 43 persons that the Pentagon claims are "suspected of returning to terrorism", please provide the evidence substantiating that suspicion.
    i) For any of the 61 persons, please further indicate if any of the individuals were suspected or known to have provided material support to terrorist organizations, the basis of such suspicion or knowledge, and the type of material support involved. This information should be provided for each detainee by name.

For purposes of this request, the term "document" is used expansively and includes, by way of illustration and without limitation, all communications, letters, reports, analyses, presentations, memoranda, e-mails, transcripts, minutes, notes, drafts, telecopies, telexes, or any information stores on optical disc, magnetic tape, microfilm or microfiche, or computer memory storage device.

Pursuant to 5 USC § 552(a)-(b), if all or any part of this request is denied, please provide us with an index that specifies which exemption(s) is (are) being claimed for each portion of each document withheld. For each document withheld, please also state the number of documents or portions, the number of pages of each document, and the dates of the documents (or portions) being withheld. If it is determined that any requested document or record, or any portion thereof will not be disclosed, please provide us with the non-exempt documents, records, or portions of the remaining documents. If any material is to be redacted, please "black out" rather than "white out" or "cut out" any portions for which an exemption is claimed. We reserve the right to appeal any decision(s) to withhold information and expect that you will list the address and office to which such an appeal may be directed.

In accordance with your FOIA regulations, we attest that we are an "other" requestor and agree to pay reasonable charges incurred to search for and duplicate the requested documents after the initial two hours search and 100 pages of duplication are provided at no cost.

We look forward to your response within 20 working days after receipt of this request.

                                    Sincerely,

                                    Carol Gruenburg

933980 1

# EXHIBIT C

09 2101

FILED

NOV - 9 2009

Clerk, U.S. District and
Bankruptcy Courts



**DEFENSE INTELLIGENCE AGENCY**
WASHINGTON, D.C. 20340-5100



U-4,500/DAN-1A (FOIA)

FEB 1 0 2009

Joseph Margulies
MacArthur Justice Center
Northwestern University School of Law
357 East Chicago Avenue
Chicago, IL 60611-3069

Dear Mr. Margulies:

We received your Freedom of Information Act request on 29 January 2009 for records concerning the 61 former Guantanamo detainees referenced in a press conference on January 13, 2009 by Press Secretary of the Pentagon Geoff Morrell as being confirmed or suspected of returning to the fight and assigned it case number 00104-2009. Please use this number in all future correspondence with us about this matter.

There is a substantial delay in processing requests, and it is impossible for us to forecast when your case will be completed. We solicit your patience and understanding and assure you that we will process your request as soon as possible. Please contact the DIA FOIA Requester Service Center at 301-394-5587 with any questions or for further information.

Sincerely,

Alesia Y. Williams
Chief, Freedom of Information Act Staff

# EXHIBIT D

09 2101

FILED

NOV - 9 2009

Clerk, U.S. District and
Bankruptcy Courts




**DEFENSE INTELLIGENCE AGENCY**
WASHINGTON, D.C. 20340-5100

U-4,500/DAN-1A (FOIA)

                                                              2009

Carol Gruenburg
655 Fifteenth Street NW, Suite 900
Washington, DC 20005-5701

Dear Ms. Gruenburg:

We received your Freedom of Information Act request on 29 January 2009 for records concerning 61 former Guantanamo detainees referenced in a press conference on January 13, 2009 by Press Secretary of the Pentagon, Geoff Morrell which were referenced as being confirmed or suspected to have returned to the fight and assigned it case number 00105-2009. Please use this number in all future correspondence with us about this matter.

There is a substantial delay in processing requests, and it is impossible for us to forecast when your case will be completed. We solicit your patience and understanding and assure you that we will process your request as soon as possible. Please contact the DIA FOIA Requester Service Center at 301-394-5587 with any questions or for further information.

                                        Sincerely,

                                        Alesia Y. Williams
                                        Chief, Freedom of Information Act Staff

# EXHIBIT E

09 2101

FILED

NOV 9 2009

Clerk, U.S. District and
Bankruptcy Courts



**DEFENSE INTELLIGENCE AGENCY**
WASHINGTON, D.C. 20340-5100



U-4,500-09/DAN-1A (FOIA)

OCT 1 4 2009

Ms. Carol Gruenburg
655 Fifteenth Street NW, Suite 900
Washington, DC 20005-5701

**Dear Ms. Gruenburg:**

This is a status update on your Freedom of Information Act (FOIA) request, case number 0105-2009, received in this office on July 20, 2006. Your request was determined to fall within our Complex Track for FOIA processing. This simply means that your request involved a large amount of records, or that the records requested require significant review within this agency or consultations with other government agencies. Please be assured that our office is committed to processing your request as soon as possible.

Because your request falls within the Complex Track and has been pending for a period of time greater than the statutory allowance, this office has determined that it may be helpful for us to provide greater explanation concerning the status of your request. This office sorts backlogged requests into three functional queues for management purposes. These three queues are explained further below:

Awaiting Tasking Queue: includes requests that must be tasked within the agency for subject matter experts (SME) search and/or review of the responsive records.

Awaiting Response Queue: includes requests that have been tasked and are awaiting response or requests, which have been referred to other government agencies for review of their equities.

Ready to Work Queue: includes requests, which all responses have been received and awaiting processing of final response to the requester.

Your request is currently in the Ready for Work Queue; # 939 of 949. Our current administrative workload is 2,450 open FOIA requests.

We solicit your patience and understanding and assure you, we will process your request as soon as possible. If you have any questions, please contact the FOIA Requester Service Center, at (301) 394-5587 and reference your case number.

Sincerely,

*for* [signature]
Alesia Y. Williams
Chief, Freedom of Information Act Staff